Matter of Javino (Commissioner of Labor) (2023 NY Slip Op 04693)

Matter of Javino (Commissioner of Labor)

2023 NY Slip Op 04693

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

536101
[*1]In the Matter of the Claim of Joseph Javino, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 1, 2023

Before:Garry, P.J., Lynch, Aarons, Fisher and Powers, JJ.

Joseph Javino, Calverton, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 13, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not capable of working.
Claimant applied for unemployment insurance benefits in April 2020 and, based upon his representations in his application and subsequent weekly certifications, he received unemployment insurance benefits, as well as federal pandemic unemployment compensation (hereinafter FPUC) and pandemic unemployment assistance (hereinafter PUA) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313; see also 15 USC § 9025). In June 2021, claimant sought medical treatment to address pain in his right knee, and underwent knee surgery in November of that same year. Claimant completed a Department of Labor questionnaire in November 2021, in which he indicated that he had not been able to work since May 26, 2021 due to his knee injury and resulting surgery. Despite these circumstances, from May 26, 2021 through January 2, 2022, claimant certified for benefits stating that he was ready, willing and able to work each day of the week and that there were no days in which he was not capable of working.
Thereafter, the Department issued an initial determination finding claimant ineligible for unemployment insurance benefits, effective May 26, 2021, because he was not capable of work, charging him with recoverable overpayment of the FPUC and PUA benefits received, and imposing a monetary penalty based upon a finding that claimant had made willful false statements to obtain those benefits. Various proceedings ensued and, following a hearing, an Administrative Law Judge, by decision dated March 4, 2022, sustained the initial determination as to ineligibility and recoverable overpayments, but overruled the imposition of a civil penalty. Upon claimant's appeal, the Unemployment Insurance Appeal Board affirmed, finding claimant ineligible to receive benefits as of the effective date and charging him with recoverable overpayments of FPUC and PUA benefits, among other things. Claimant appeals.
We affirm. The record evidence, including claimant's testimony and his admissions to the Department, reflect that he was unable to work from May 26, 2021 through January 2022 due to a knee injury and related surgery. Accordingly, the Board's decision that claimant was ineligible for unemployment insurance benefits because he was not capable of working during the relevant time period is supported by substantial evidence and will not be disturbed (see Labor Law § 591; Matter of Lynch [Commissioner of Labor], 217 AD3d 1309, 1310-1311 [3d Dept 2023]; compare Matter of Ormanian [Montauk Bus Serv., Inc.-Commissioner of Labor], 167 AD3d 1183, 1184 [3d Dept 2018], lv dismissed 32 NY3d 1221 [2019]). Given the Board's finding that claimant was unable to work and, thus, was [*2]ineligible for unemployment insurance benefits under state law, he was also not eligible to receive federal pandemic assistance under the CARES Act (see Matter of Douglas [Commissioner of Labor], 217 AD3d 1311, 1313 [3d Dept 2023]; Matter of Lauriello [Commissioner of Labor], 213 AD3d 1129, 1131 [3d Dept 2023]). As such, the FPUC and PUA benefits received by claimant were recoverable (see 15 USC § 9023 [b] [1]; [f] [2]; Matter of Kelly [Commissioner of Labor], 215 AD3d 1157, 1159 [3d Dept 2023]). Claimant's remaining contentions have been considered and found to be unavailing.
Garry, P.J., Lynch, Aarons, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.